2009 BNH 009
_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:                                                                                              Bk. No. 06-11080-MWV
                                                                                                        Chapter 7
Gregory H. Prescott and
Elisabeth A. Prescott,
            Debtors

Steven M. Notinger,
Chapter 7 Trustee,
Gregory H. Prescott and
Elisabeth A. Prescott,
            Plaintiffs

v.                                                                                                   Adv. No. 07-1125-MWV

Wells Fargo Bank, N.A.,
as Trustee for Option One Mortgage
Loan Trust 2005-5,
            Defendant


*Deborah A. Notinger, Esq.*
DONCHESS, NOTINGER & TAMPOSI, PC
*Attorney for Trustee*

*Brian F. McCaffrey, Esq.*
MCCAFFREY, P.A.
*Attorney for Gregory H. Prescott*
*and Elisabeth A. Prescott*

*Peter V. Doyle, Esq.*
SHAINES & MCEACHERN, P.A.
*Attorney for Wells Fargo Bank, N.A.*
*as Trustee for Option One Mortgage*
*Loan Trust 2005-5*


## MEMORANDUM OPINION

This matter comes before the Court on a motion for summary judgment filed by Wells Fargo Bank, N.A. (the "Defendant"), and a cross-motion for partial summary judgment filed by Gregory H. Prescott, Elisabeth A. Prescott, and the chapter 7 trustee (the "Plaintiffs"). The Defendant's motion for summary judgment is against all counts of the complaint. The Plaintiffs' cross-motion for summary

judgment pertains only to Counts I and II of the complaint. Count I asserts avoidance of a lien under the trustee's strong arm powers pursuant to 11 U.S.C. § 544(a)(2);[1] and Count II asserts avoidance of an unauthorized post-petition attachment pursuant to 11 U.S.C. §§ 362 and 549. Both motions are brought under Federal Rule of Civil Procedure 56, made applicable to the instant case pursuant to Federal Rule of Bankruptcy Procedure 7056. Beginning March 11, 2008, the Court held a hearing and took the motions under advisement. For the reasons discussed below, the Defendant's motion for summary judgment is granted as to Count I but denied as to all other counts, and the Plaintiffs' cross-motion for summary judgment is granted as to Counts II, but denied as to Count I.

## JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## BACKGROUND

On May 30, 1995, Gregory H. Prescott and Elisabeth A. Prescott, the Debtors herein, were deeded a piece of real property ("Parcel A") located in Rockingham County, New Hampshire. Parcel A contains approximately five acres and a single family home with an estimated value of $450,000 dollars. Parcel A is recorded at the Rockingham County Registry of Deeds at Book 3112, Page 609. On September 10, 1999, the Debtors were deeded another piece of real property ("Parcel B") located directly adjacent to Parcel A. Parcel B contains approximately eight acres of wetlands valued between $8,000 and $15,000, and is recorded at the Rockingham Count Registry of Deeds at Book 3428, Page 586. The

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. § 101 et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8.

warranty deed for Parcel B states that Parcel B "is to be combined with existing Map 62, Lot 58 to provide for a new area of 13.00 acres, all as shown on [the recorded and referenced] plan." (See Ex. B to the Trustee's Aff.)  However, each parcel has a different metes and bounds descriptions.

On August 8, 2005, the Debtors granted a mortgage in the amount of approximately $455,000 to the Defendant on the property being described as:

> located in Rockingham County, New Hampshire: MAP 62 LOT 58
>
> SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART THEREOF.
>
> which has the address of 46 Brentwood Road, Exeter New Hampshire 03833-4510.

(Ex. C to the Trustee's Aff.)  The referred attachment describes the property as:

> A CERTAIN TRACT OR PARCEL OF LAND DESCRIBED AND SHOWN AS MAP 62, LOT 58 ON PLAN OF LAND . . . RECORDED IN ROCKINGHAM COUNTY REGISTRY OF DEEDS AS PLAN NO. S - 27515,[2]

id., then contains the words "MORE PARTICULARLY BOUNDED AND DESCRIBED AS FOLLOWS" (and so describes Parcel B only), and adding:

> BEING THE SAME PROPERTY CONVEYED TO GREGORY H. PRESCOTT AND ELISABETH A. PRESCOTT . . . BY DEED . . . RECORDED IN DEED BOOK 3428 PAGE 586, IN THE REGISTER'S OFFICE OF ROCKINGHAM COUNTY, NEW HAMPSHIRE.

Id.  The Defendant asserts that in the execution and recording of this mortgage, it was the intention of the parties to create a mortgage lien on the entire property containing both Parcels A and B.  Neither party was aware of the metes and bounds description as describing only Parcel B.

---

[2]The proper designation of the plan is No. D - 27515.  However, the incorrect letter designation before the Plan number has no affect on the ability to find the recorded Plan in the Registry of Deeds.

The Debtors filed a Chapter 7 Petition on August 29, 2006. At the time of filing, the Debtors scheduled their entire property as being encumbered by a mortgage in favor of the Defendant. The Defendant was granted relief from stay on October 24, 2006. The Debtors received a discharge on April 18, 2007. Upon request of the Defendant and belief that the Defendant's mortgage encumbered the entire property, the trustee filed a Notice of Abandonment on the Debtors' property on May 29, 2007. Immediately thereafter, the Defendant instituted a state court action to reform its mortgage as to reflect an encumbrance on the entire property and attach thereto. The Defendant did not inform the state court of the Debtors' bankruptcy filing, nor did the Defendant inform the Plaintiffs of the state court action. On June 8, 2007, after independently learning of the Defendant's state court action, the trustee had his Notice of Abandonment stricken from the record. (Ct. Doc. No. 54.) The Plaintiffs filed this adversary proceeding to determine the validity, priority, and extent of Defendant's lien under § 544(a)(2). The Plaintiffs also claim that the attachment obtained in the state court action violated the automatic stay and is voidable pursuant to § 549(a)(1) and (2)(B).

## DISCUSSION

Under Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, a summary judgment motion should be granted only when "the pleadings, depositions, and answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Genuine," in the context of Rule 56(c), "means that the evidence is such that a reasonable jury could resolve the point in favor of the nonmoving party." Rodriguez-Pinto v. Tirado-Delgado, 982 F.2d 34, 38 (1st Cir. 1993) (quoting United States v. Parcel of Real Property, 990 F.2d 200, 204 (1st Cir. 1992)). "Material," in the context of Rule 56(c), means that the fact has "the potential to affect the outcome of the suit under applicable law." Nereida-Gonzalez v. Tirado-Delgado, 990 F.2d 701, 703 (1st Cir. 1993). Courts faced with a motion for summary judgment should read the record "in the light most flattering to the nonmovant and indulg[e] all reasonable

- 4 -

inferences in that party's favor." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994).

The partial motion for summary judgment brought by the Plaintiffs seeks judgment in favor of the Plaintiffs on Counts I and II of the complaint. The Defendant's motion for summary judgment seeks judgment in favor of the Defendant on all Counts of the complaint.

### I.     Count I: Validity, Priority, and Extent of a Lien in Property of the Estate

The issue before the Court is whether the trustee has the power as a hypothetical lien creditor under § 544(a)(2)[3] to invalidate the mortgage granted by the Debtors to the Defendant because of the description of property contained in the mortgage.

#### A.     An Additional Partial Description does not Render a Mortgage Defective

The trustee is precluded from asserting his "strong arm" powers under § 544(a)(2) to avoid a mortgage if the mortgage was properly recorded. A properly recorded interest provides a hypothetical lien creditor with constructive notice of a security interest, Messier v. Ledoux, 164 A. 217, 217 (N.H. 1933), while a defective recording does not, Amoskeag Bank v. Chagnon, 572 A.2d 1153, 1154-55 (N.H. 1990). The trustee claims that the improper description renders the Defendant's mortgage defective as to Parcel A, and as such does not provide constructive notice against the trustee as a hypothetical lien creditor.

Under New Hampshire law, "No deed of bargain and sale, mortgage nor other conveyance of real estate ... shall be valid to hold the same against any person but the grantor and his heirs only, unless such

---

[3]Section 544(a)(2) provides that "[t]he trustee shall have, as of commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists. . . ."
11 U.S.C. § 544(a)(1).

deed or lease be attested, acknowledged and recorded, according to the provisions of this chapter." N.H. Rev. Stat. Ann. § 477:7. "Generally, the rules as to descriptions of real estate in mortgages conform to those prevailing with respect to descriptions in deeds." 54A Am. Jur. 2d Mortgages § 44. In New Hampshire, "[a] deed must contain a description of the land to be conveyed . . . . A deed need not in or by itself fully describe the property if it provides information by which identification is possible (such as reference to a previously recorded deed or plan)." N. H. Bar Ass'n Title Examination Standards § 5-50, at 16 (2007).

Prior to the conveyance and recording of the Debtors' deed in 1999, there existed two separate parcels of land that were part of two separate Map and Lot numbers: Parcel A was located at Map 62, Lot 58, and Parcel B was located as part of Map 61, Lot 8. (See Ex. 1 to Def.'s Objection to the Trustee's Mot. for Summ. J.) After the deed of Parcel B took effect in 1999, no longer was there a Parcel A and a Parcel B but, instead, one large property consisting of thirteen acres known as Map 62, Lot 58. Defendant's mortgage provides a description of the encumbered property as "MAP 62 LOT 58" with an attachment containing again the property described as Map 62, Lot 58 and reference to a recorded plan. (Ex. C to the Trustee's Aff.)

The Defendant could have and should have stopped there, but added the words "more particularly bounded and described as." See id. This clause indicates that the description to follow is intended as an additional or cumulative description of Map 62, Lot 58. Unfortunately, what followed was only a partial description of Map 62, Lot 58.

> When the property intended to be conveyed is described in such distinct and explicit terms that it cannot, without inconsistency, admit of the qualification resulting from the partial description, and that partial description seems, upon its face, rather designed as an additional description of the same property than as intended for a qualification, there such mistaken description will be rejected for its inconsistency with other parts of the description.

Drew v. Drew, 1854 WL 4886 1, 16 (N.H. 1854) (where a devise of "all my homestead farm in Dover, being the same whereon I now live, and the same that was devised to me by my father" was held to include all the homestead, though part was not devised by the father).[4]

There can be no doubt that the Defendant's mortgage encumbers the Debtors' entire property. The qualification partially describing Map 62, Lot 58 was not inserted in the form of a restriction that would limit the mortgage to Parcel B. See id. The property to be mortgaged is completely expressed by describing the property as "MAP 62 LOT 58 with reference to a recorded plan. "[T]he subsequent description . . . is but a mistaken description of the same property, which should be rejected . . . ." Id. Accordingly, the Defendant's mortgage was properly recorded to encumber the property known as Map 62, Lot 58, and the additional partial description is inconsequential to the validity of the mortgage.

Further, upon discovering the inconsistency between the map and lot number and the metes and bounds description, the trustee is required to consider the description of the mortgaged property in light of the inconsistency. Messier, 164 A. at 217;  See also Smith v. Wedgewood Builders Corp., 590 A.2d 186, 188 (N.H. 1991) ("The fact, that the deed description burdens the title examiner with an enormous task of research to determine what is conveyed, has no bearing on the validity of the conveyance, if, in fact, the property conveyed can be reasonably determined from the description."). The first page of the mortgage lists the property mortgaged as "MAP 62 LOT 58," and a reference to the recorded plan is provided. The property encumbered can reasonably be determined from this description. As such, the recorded mortgage is sufficient to give the trustee constructive notice of the encumbrance covering Debtors' entire property.

---

[4]Drew further provides the following example: "Land, described as 'a farm,' 'granted to A. Pattee,' 'bound as followeth,' and describing courses and distances which include only part of the Pattee farm. Held the inconsistent courses are to be rejected, and the whole farm passes" 1854 WL 4886 1 at 14 (citing to Keith v. Reynolds, 1825 WL 344 (Me. 1825)).

-7-

### B. The Doctrine of Judicial Estoppel

The Plaintiffs raise the argument that the doctrine of judicial estoppel precludes the Defendant from asserting that its mortgage is valid when the Defendant claimed the mortgage was defective in its state court action. Judicial estoppel will not apply in cases where only legal conclusions or opinions are involved. Lockheed Sanders, Inc. v. United States, 862 F.Supp. 677, 684 (D.N.H. 1994). The Defendant's position in the state court action is not inconsistent with its position in the current adversary proceeding. The Defendant never asserts that its mortgage only pertained to Parcel B. Instead, the Defendant argued that the legal description of its mortgage mistakenly omits a metes and bounds description of Parcel A. To the extent that the Defendant stated its mortgage was defective, such a statement constitutes a mere opinion as to the legal effect of the mortgage. Thus, the trustee cannot avoid the Defendant's mortgage in his capacity as a hypothetical lien creditor under § 544(a)(1) and the Defendant's claim remains secured by an encumbrance as to the Debtors' entire property.[5]

### II. Count II: Avoidance of Unauthorized Post-Petition Transfer of Estate Assets

Plaintiffs maintain that the Debtors' entire property remains property of the estate since the trustee's Notice of Abandonment never became final. In commencing a state court action against property of the estate, the Plaintiffs argue that the Defendant violated the automatic stay under § 362(a)(4).[6] The Plaintiffs also assert that the Court's order granting relief from the automatic stay in favor of the Defendant did not authorize the Defendant to commence its state court action. As a result,

---

[5]During the pendency of this case, the Debtors' entire property was sold through this Court with the consent of the Defendant, free and clear of liens. (Ct. Doc. No. 84.) Since the Defendant's claim remains secured, the Defendant is entitled to the net proceeds of the sale in partial satisfaction of its claim.

[6]Section 362(a)(4) provides that "[e]xcept as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of . . . any act to create, perfect, or enforce any lien against property of the estate . . . ." 11 U.S.C. § 362(a)(4).

-8-

the Plaintiffs seek to avoid the attachment on the Debtors' property pursuant to § 549(a)(1) and (2)(B).[7]

Property ceases to be property of the estate once a trustee has notified parties of his intent to abandon *and* no objection has been filed by a party in interest within fifteen days of notice. 11 U.S.C. § 554(a); Fed. R. Bankr. P. 6007; see also In re Hermosilla, 375 B.R. 20, 24-25 (Bankr. D. Mass. 2007); and In re Bryson, 53 B.R. 3, 4 (Bankr. M.D. Tenn. 1985). While the estate retains an interest in property until it is no longer property of the estate, relief from the automatic stay allows a creditor to realize its security interest in the property. Catalano v. Comm'r of Internal Revenue, 279 F.3d 682, 686 (9th Cir. 2001).

On October 24, 2006, a hearing was held on the Defendant's motion for relief from the automatic stay (Ct. Doc. No. 27) pursuant to § 362(d)(1) and (d)(2). Subsequently, the Court granted the motion and issued an order (Ct. Doc. No. 37) lifting the automatic stay as to the Defendant that allowed the Defendant to exercise its "rights under its agreements with the Debtors and under applicable law" and "foreclos[e] the Mortgage and bring[] such action, including eviction proceedings, as may be appropriate." (Ct. Doc. No. 27.)

Since the Trustee's Notice of Abandonment had been stricken from the record within fifteen days of giving notice, the property remained property of the estate. (Ct. Doc. No. 54.) The state court action to reform the Defendant's mortgage and obtain an attachment was outside the scope of the relief that was granted. The Court's order allowed the Defendant to foreclose on its interest as a mortgagee in the property. It did not, however, authorize the Defendant to obtain an additional interest by reforming the mortgage or getting an attachment on the property. Consequently, the trustee may avoid the attachment pursuant to § 549.

---

[7]Section 549(a) provides that "[e]xcept as provided in subsection (b) or (c) of this section, the trustee may void a transfer of property of the estate – (1) that occurs after the commencement of the case; and . . . (2)(B) that is not authorized under this title by the court." 11 U.S.C. § 549(a)(1), (2)(B).

### III. Remaining Counts of Plaintiffs' Complaint

The Plaintiffs' Count III alleges damages for the Defendant's violation of the discharge order under § 524. The Plaintiffs' Count IV requests the Court to subordinate the Defendant's claim, or any deficiency of the claim, according to the principles of equitable subordination as proscribed under § 510. Although the Defendant requests the Court to grant its motion for summary judgment on all counts of the Plaintiffs' complaint, the Defendant fails to provide reason why the Court should grant its motion as to Counts III, IV, and V. Further, the Defendant's conduct with respect to the state court action may affect the trustee or the Debtors in seeking damages on Count III, and whether any of the Defendant's unsecured deficiency claim should be subordinated as alleged under Count IV. While the Court has already found that the trustee may avoid the attachment pursuant to § 549, Count V of the Plaintiffs' complaint, which seeks to invalidate the Defendant's attachment because the state court action did not name the trustee as a party still remains an issue in the case. As such, Counts III, IV, and V of the Plaintiffs' complaint contain genuine issue of material fact that preclude summary judgment.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted as to Count I, but denied as to all remaining counts of the complaint. The Defendant is entitled to the net proceeds of the sale of the Debtors' property in partial satisfaction of its claim. The Plaintiffs' cross-motion for summary judgment is granted as to Count II of the complaint, but denied as to Count I of the complaint. Summary judgment is denied with respect to the remaining counts of the complaint. This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

DATED this 12th day of March, 2009, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge